Dennis R. James, No. 1642
Brian H. Hess, No. 10313
MORGAN, MINNOCK, RICE & JAMES, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah 84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
djames@mmrj.com

*Attorneys for Defendant Ted Baer*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INCENTIVE CAPITAL, LLC, a Utah Limited Liability Company, | **AFFIDAVIT OF JULIUS ARTHUR TED BAER III** |
| Plaintiff, | |
| vs. | |
| CAMELOT ENTERTAINMENT GROUP, INC., a Delaware Corporation; CAMELOT FILM GROUP, INC., a Nevada Corporation; CAMELOT DISTRIBUTION GROUP, INC., a Nevada Corporation; ROBERT P. ATWELL, an individual; JAMIE R. THOMPSON, an individual; STEVEN ISTOCK, an individual; TED BAER, an individual; PETER JAROWEY, an individual, | Civil No. 2:11-CV-00288 Honorable Clark Waddoups |
| Defendants. | |

Julius Arthur Ted Baer III, being duly sworn, deposes and says:

1.  My legal name is Julius Arthur Baer III. My nickname, and the name I am most commonly known by, is Ted Baer. I am licensed to practice law in the State of California as J. A. Ted Baer.

2.  I have been sued as an individual by Incentive Capital, LLC ("Plaintiff Incentive Capital"), and I have reviewed the Amended Complaint of Plaintiff Incentive Capital and its accompanying attachments.

3.  I am a resident of California.

4.  I am an attorney who is admitted to the California State Bar.

5.  I maintain a private law practice at the Law Offices of J. A. Ted Baer, 21 E. Canon Perdido, Suite 223, Santa Barbara, CA 93101.

6.  In my private law practice, I represent many different clients located throughout the United States, but I perform the majority of my legal work in the State of California.

7.  I do not have any clients who are based in the State of Utah.

8.  I have only had one client who actually lived in the State of Utah, but my work for that client occurred more than ten years ago.

9.  I have only traveled to Utah on infrequent occasions (less than one time a year) and then only to ski and/or to attend the Sundance Film Festival in Park City, Utah.

10. In addition to representing many other clients, I was retained by Camelot Entertainment Group Inc. ("Camelot Entertainment Group"), on August 12, 2009, to perform

outside legal work for Camelot Entertainment Group negotiating contracts involving film licensing, film distribution, and film library acquisition.

11. A true and correct copy of the Representation Agreement I entered into with Camelot Entertainment Group, Inc. is attached hereto as Exhibit 1.

12. The Representation Agreement was superseded on May 7, 2010 by the Business and Legal Services Consultant Agreement, a copy of which is attached as Exhibit 2.

13. My work for Camelot Entertainment Group ended in November 2010.

14. During the time I was retained by Camelot Entertainment Group, Camelot Entertainment Group maintained offices in Irvine, California and in Universal City/Burbank, California.

15. I have never been an officer or director of Camelot Entertainment Group or of any of the other companies identified in Plaintiff Incentive Capital's Amended Complaint, including Camelot Film Group, Inc., and Camelot Distribution Group, Inc.

16. I have never been an employee of Camelot Entertainment Group or any of the other companies identified in Plaintiff Incentive Capital's Amended Complaint.

17. Under the Representation Agreement and the Business and Legal Services Consultant Agreement, I received some shares of registered common stock in partial payment for my legal services. These shares represented less than a 5% interest. Other than that, I have never had any interest or ownership in Camelot Entertainment Group, or in any of the other entities named as defendants in Plaintiff Incentive Capital's Amended Complaint.

18.     I have never had any interest or ownership in the "Library" referenced in Plaintiff Incentive Capital's Amended Complaint or in any of Camelot Entertainment Group's other assets that are referenced in Plaintiff Incentive Capital's Amended Complaint.

19.     All of the work I did for Camelot Entertainment Group in connection with its dealings with Plaintiff Incentive Capital was performed in the State of California.

20.     I never conducted any business or participated in any business transactions in the State of Utah in connection with any of my work for Camelot Entertainment Group.

21.     I never conducted any business or participated in any business transactions or negotiations in the State of Utah in performing any work whatsoever connected with Camelot Entertainment Group's dealings with Plaintiff Incentive Capital.

22.     I never had any face-to-face dealings with representatives of Plaintiff Incentive Capital in connection with any work I performed for Camelot Entertainment Group during its dealings with Plaintiff Incentive Capital.

23.     My only communications with representatives of Plaintiff Incentive Capital in connection with any work I performed for Camelot Entertainment Group were limited to phone calls and email messages while I was in the State of California.

24.     On April 1, 2010, I sent an email to Nathan Dorius, whom I understood to be a lawyer representing Plaintiff Incentive Capital, with four attachments. A true and correct copy of the email and the documents contained in the four attachments are attached hereto as Exhibit "3."

25. The April 1, 2010 email and attached documents were sent at the request of my client Camelot Entertainment Group.

26. The April 1, 2010 email was in response to prior requests by representatives of Plaintiff Incentive Capital that Camelot Entertainment Group provide them documentation of Camelot Entertainment Group's estimation of the value of the unencumbered assets of Camelot Entertainment Group's subsidiaries and the value of the "Library" referenced in Plaintiff Incentive Capital's Amended Complaint that my client, Camelot Entertainment Group, was attempting to purchase with the loan it was seeking from Plaintiff Incentive Capital.

27. I did not prepare any of the documents that were sent as attachments to my April 1, 2010 email to Nathan Dorius.

28. I did not prepare or calculate any of the information or estimates contained in my April 1, 2010 email or the attached documents that were sent to Nathan Dorius.

29. The information contained in the documents attached to my April 1, 2010 email to Nathan Dorius were prepared by someone other than myself and were provided to me by my client Camelot Entertainment Group to send to a representative of Plaintiff Incentive Capital.

30. In connection with my representation of Camelot Entertainment Group, I participated in negotiations with legal counsel for Plaintiff Incentive Capital regarding the final language and execution of the loan agreements, security agreements, guaranty agreements, and escrow agreements identified in Plaintiff Incentive Capital's Amended Complaint.

31. Camelot Entertainment Group also retained and utilized the services of a Massachusetts lawyer, Philip S. Levoff ("Levoff"), to prepare the initial draft of an asset purchase agreement and to help negotiate and draft the terms of the loan agreements, security agreements, guaranty agreements, and escrow agreements.

32. Some of said agreements were initially drafted by representatives of Plaintiff Incentive Capital and some were initially drafted by Levoff.

33. I was not involved in the negotiation of the Loan Modification Agreement referenced in Plaintiff Incentive Capital's Amended Complaint.

34. I terminated my representation of Camelot Entertainment Group in November 2010 and, therefore, was not present and did not participate in the February 21, 2011 Foreclosure Sale that allegedly took place in the State of Utah that is referenced in Plaintiff Incentive Capital's Amended Complaint.

35. I did not sign, in any capacity, any loan documents, guarantees, security agreements or escrow agreements that Plaintiff Incentive Capital has identified in its Amended Complaint and has alleged were executed in connection with the loans from Plaintiff Incentive Capital.

36. I have not personally guaranteed any of the loans Plaintiff Incentive Capital made to Camelot Entertainment Group or to any of the other companies identified in Plaintiff Incentive Capital's Amended Complaint.

37. I am not personally obligated under any of the Loan Documents referenced in Plaintiff Incentive Capital's Amended Complaint, including any obligation to repay any of the amounts due under said loans.

38.     I have not participated in, or taken, any action to deprive Plaintiff Incentive Capital of monies and other property by (i) making misrepresentations, (ii) failing to repay the amounts due under the Loan Documents referenced in Plaintiff Incentive Capital's Amended Complaint, (iii) diverting and converting funds and property, (iv) falsifying information or documents that Plaintiff Incentive Capital may have relied on, or (v) doing any other thing whatsoever.

39.     I have not participated in, or taken, any action to conspire to deprive Plaintiff Incentive Capital of monies and other property by (i) making misrepresentations, (ii) failing to repay the amounts due under the Loan Documents referenced in Plaintiff Incentive Capital's Amended Complaint, (iii) diverting and converting funds and property, (iv) falsifying information or documents that Plaintiff Incentive Capital may have relied on, or (v) doing any other thing whatsoever.

DATED this 16TH day of May, 2011.

_____
Julius Arthur Ted Baer III

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF SANTA BARBARA )

Subscribed and sworn to this 16TH day of May, 2011.

SEE ATTACHED JURAT
Notary Public, residing at:
_____

7

State of California
County of Santa Barbara

Subscribed and sworn to (or affirmed) before me on this 16th day of May, 20 11, by Julius Arthur Ted Baer III
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

VINCENT ROBERTI
Commission # 1778672
Notary Public - California
Santa Barbara County
My Comm. Expires Nov 6, 2011

(Seal)                    Signature _Vincent Roberti_

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2011, I electronically filed a true and correct copy of the foregoing **AFFIDAVIT OF JULIUS ARTHUR TED BAER III** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Joseph G. Pia
Nathan S. Dorius
PIA ANDERSON DORIUS REYNARD & MOSS, PLLC
joe.pia@padrm.com
nathan@padrm.com
*Attorneys for Plaintiff Incentive Capital*

/s/ *[signature]*

## AFFIDAVIT OF JULIUS ARTHUR TED BAER III
## EXHIBITS

1     Representation Agreement

2     Business and Legal Services Consultant Agreement

3     The 4/01/10 email and attachments