LAW OFFICE OF
J.A. TED BAER
A PROFESSIONAL CORPORATION
21 E. CANON PERDIDO STREET
SUITE 223
SANTA BARBARA, CA 93101
TEL: 805-963-7177
Cell: 805-441-4136
FAX: 801-730-2874
EMAIL: jatadbaer@aol.com

As of August 12, 2009

Mr. Robert P. Altwell
Chairman and Chief Executive Officer
Camelot Entertainment Group, Inc. (CEG)
8001 Irvine Center Drive
Suite 400
Irvine, CA 92618

Re:  Representation Agreement

Dear Bob:

We, J. A. Ted Baer, a P.C. ("we" "us"), are pleased to have
the opportunity to represent you in connection with your
company's legal and business affairs.  This letter confirms
the terms and conditions of our engagement.

1.   (a)  We will render customary legal and business affairs
services in connection with all legal matters pertaining to
CEG's employment of certain executives, and the proposed
acquisition of three companies: Cineworks Digital Studios, Inc.
and an affiliate, Cineworks LA, Inc., Revelation Films, Ltd.,
and Barnholtz Entertainment, Inc. or similar companies, and
other business and legal matters, as you request, in connection
with the production and distribution of projects in all media
throughout the world(collectively the "Projects"). Thereafter,
per your request and our agreement on a case-by-case basis,
subject to our availability and evaluation of subsequent legal
matters, we will render customary transactional legal services
of other entertainment industry transactions pertaining to you
consistent with the terms and conditions herein.



(b)  Be advised, however, that our services do not include extraordinary matters such as litigation, trademark, arbitration, corporate, tax and immigration matters, estate planning, non-entertainment legal work such as real estate matters, matters on which you are instructed to engage additional counsel, matters which pertain to your personal life, criminal matters, or businesses outside of your involvement in the entertainment industries (collectively, "Excluded Matters").  If, at your request, we agree to represent you in connection with any of the Excluded Matters, then, in addition to any related costs, we shall be paid a reasonable legal fee for such services which shall be mutually determined by you and us depending on our assessment of the particular matter.

2.   (a)  Our charges for the services we render will be in accordance with our usual and customary hourly fee and contingency rates.  Our hourly rates will be based upon our standard charges for professional, and other direct hours devoted to providing services to you as well as those factors set forth in Rule 2-107 of the Rules of Professional Conduct of the California State Bar Association.  The current rate for the legal services of J. A. Ted Baer is $450 per hour; however, for the Projects, in lieu of payment of this hourly rate, we have agreed to accept, and you have agreed to pay our fees as follows: $250.00/per hour and $200.00/per hour in CEG Registered Common Stock, such value for the Common Stock shall be calculated at the thirty (30) day average bid price for the period of thirty (30) days prior to issuance ("Issuance Price").  In the event CEG issues common stock, preferred stock or any other debt or equity instrument convertible into equity of CEG, at a price per share less than any Issuance Price, then the Issuance Price shall be reduced concurrently with such issue to a price equal to such lower price and the number of shares of common stock issued to J.A. Ted Baer shall be adjusted accordingly.

    (b)  Any fees incurred with respect to our services will be billed to you on a monthly basis, together with costs incurred on your behalf as delineated in Paragraph 3 below, by means of an itemized summary statement, however, all applicable stock shall be issued to JATB based on the actual hours expended on services hereunder and will be granted no less than on a monthly basis based on the last day of each month on the hours incurred. Our hourly fees are billed on one-tenth of an hour increments and are periodically adjusted; our statements will reflect the fees in effect when the services are rendered.



2

(c)   As an initial advance against our fees (and any incidental costs and expenses incurred on your behalf as delineated in Paragraph 3 below), for the Projects, you shall pay us a retainer of Fifteen Thousand Dollars ($15000.00), payable Ten Thousand Dollars ($10,000) upon the execution of this Agreement, and Five Thousand Dollars ($5000.00) on or before August 18, 2009. Notwithstanding anything to the contrary, it is understood that we may deposit said funds in our general accounts, that the hourly fees payable on an hourly rate basis hereunder shall be deducted from the retainer, that we may request additional retainer fees (which shall include the stock as delineated above) in the event that the initial retainer is fully utilized hereunder, and that upon conclusion of our services hereunder, any balance remaining after deducting the applicable fees actually earned hereunder shall be returned to you.   You acknowledge that we are not obligated to provide any services to you or on your behalf unless you have a retainer credit balance.

(d)   You acknowledge that the fee delineated in this Paragraph 2 is not set by law but rather is negotiable between us.   You further acknowledge that we have discussed and agreed upon the fee arrangement in this agreement.  You also acknowledge that we have made no promises about the total amount of fees to be incurred by you.

3.     If we make any disbursement or incur any costs on your behalf (e.g., photocopy, long distance telephone, fax, messenger), you agree to advance to us or reimburse us on a monthly basis all such disbursements and costs.  As delineated in Paragraph 2(b) above, any retainer fee will also serve as advances to us against such disbursements or costs, and any such deductions therefrom will be itemized on your monthly summary statement.  We will not incur any total expense over $100 without prior approval.

4.     The term of this Agreement begins on the date stated above and will thereafter continue indefinitely unless (i) you send us a letter terminating our services or (ii) we withdraw from our representation of you as further described in Paragraph 7 below.

5.     We agree to make a good faith effort with respect to our representation of you.   However, you acknowledge that nothing in this agreement and nothing in our statements to you, express or implied, will be construed as a promise or guarantee concerning the outcome or progress of any of your matters; we make no such promises or guarantees.

3.

6.    You agree to be truthful with us, to cooperate, to keep us fully informed of developments, to abide by this agreement, and to keep us advised of your address, and telephone number.

7.    We may withdraw from our representation of you with your consent or for good cause or as otherwise permitted by the California Code of Professional Conduct of the State Bar of California.  Good cause includes your breach of this agreement, your refusal to cooperate with us or follow our advice on a material matter, or any fact or circumstance that would render our continuing representation unlawful or unethical.

8.    (a)  When our services conclude all unpaid amounts due and payable to us will immediately become due and payable, including, without limitation, the applicable amount of stock. Notwithstanding the foregoing, after our services conclude on a particular matter, we will, upon your request and at your cost, deliver your file to you, along with any of your funds or property in our possession.  We shall have no obligation to retain your files and may dispose of same beyond one (1) year after services conclude on a particular matter if there is no signed agreement in connection with said matter, or if there is a fully executed agreement negotiated with respect to a particular matter, then two (2) years after the execution of said agreement.

      (b)  If we are discharged before conclusion of our services, whether with your consent, for good cause, or otherwise, then the terms of this agreement shall nevertheless continue to apply to our services rendered and costs incurred at any time thereafter in connection with the resultant transition to you or your successor legal counsel.

9.    You acknowledge and agree that it is your responsibility, and not our responsibility, to note and calendar any and all option dates, trigger dates, termination dates, and/or audit dates with respect to any and all agreements entered into by you (whether or not said agreements were reviewed and negotiated by us) including, but not limited to, option extension or termination dates, option purchase dates, dates relating to your rights of audit, and audit expiration dates. Accordingly, we will not remind you to send letters exercising or terminating any options pursuant to any agreements entered into by you.



4

10.   In the event of dispute between us regarding fees, costs or any other aspect of our attorney-client relationship, the dispute shall be arbitrated privately and confidentially in Los Angeles, California on an expedited basis.  Such arbitration shall, in all other respects, be conducted in accordance with the rules of the American Arbitration Association.  The prevailing party in any arbitration or other adjudication to this agreement shall be entitled to recover from the losing party its attorneys' fees and costs.

11.   By signing below, you agree that your name, logo and a general description of your matters may be used by us in our business development efforts.

12.   By signing below, you also acknowledge that you have been requested by us to seek independent legal and business advice with respect to this agreement and our representation of you as specified herein, and that you have either sought such advice or deliberately refrained from doing so.

We look forward to representing you in connection with your transactional legal matters in the entertainment industry as provided for herein.  If the arrangements described above are acceptable, then please sign below.

Kind regards.


                                        Very truly yours,
                                        J.A. TED BAER
                                        A Professional Corporation

                                        BY

                                        J.A. TED BAER


AGREED, ACCEPTED AND APPROVED:


CAMELOT ENTERTAINMENT GROUP, INC.

BY:

                                        5