UNITED STATES DISTRICT COURT

DISTICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INCENTIVE CAPITAL, LLC, a Utah Limited Liability Company,<br><br>   Plaintiff,<br><br>v.<br><br>CAMELOT ENTERTAINMENT GROUP, INC., a Delaware Corporation; CAMELOT FILM GROUP, INC., a Nevada Corporation; CAMELOT DISTRIBUTION GROUP, INC., a Nevada Corporation; ROBERT P. ATWELL, an individual; JAMIE R. THOMPSON, an individual; STEVEN ISTOCK, an individual; TED BAER, an individual; PETER JAROWEY, an individual,<br><br>   Defendants. | Civil No. 2:11-CV-00288<br><br>Judge Clark Waddoups |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY DEFENDANT PETER JAROWEY FOR AN ORDER
QUASHING SERVICE PURSUANT TO RULE 12(b)(5)**

             Marc E. Kasowitz
             David J. Shapiro
             KASOWITZ, BENSON, TORRES &
             FRIEDMAN LLP
             1633 Broadway
             New York, New York 10019
             Telephone: (212) 506-1700

             Wayne G. Petty (#2596)
             MOYLE & DRAPER, P.C.
             175 East 400 South, No. 900
             Salt Lake City, Utah 84111
             Telephone: (801) 521-0250

             Attorneys for Defendant Peter Jarowey

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

Summary of the Argument.................................................................................................... 1

FACTS .................................................................................................................................. 1

    Incentive Served The Wrong "Peter M. Jarowey".................................................. 1

ARGUMENT......................................................................................................................... 4

    Because Defendant Peter M. Jarowey II Was Not Served With The Summons
    And Amended Complaint In Compliance With Rule 4, Service Should Be
    Quashed Pursuant To Rule 12(b)(5). ....................................................................... 4

CONCLUSION...................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Allison v. Utah County Corp.,
  335 F. Supp. 2d 1310 (D. Utah 2004) ................................................................................6

Beal v. Utah State Tax Comm'n ex rel. Lewis,
  2005 U.S. Dist. LEXIS 39406 (D. Utah 2005) ..................................................................4

Cheek v. Garrett,
  2011 U.S. Dist. LEXIS 23209 (D. Utah 2011) ..................................................................5

Fed. Deposit Ins. Corp. v. Oaklawn Apartments,
  959 F.2d 170 (10th Cir. 1992) ............................................................................................4

Jenkins v. City of Topeka,
  136 F.3d 1274 (10th Cir. 1998) ..........................................................................................4

Kippen v. Pack,
  2010 U.S. Dist. LEXIS 104167 (D. Utah 2010) ................................................................5

Lasky v. Lansford,
  76 Fed. Appx. 240, 2003 WL 22147619 (10th Cir. 2003) .................................................4

Mohammed v. Davis County,
  2008 U.S. Dist. LEXIS 42328 (D. Utah 2008) ..................................................................5

Sherod v. Commissioner of Internal Revenue,
  2001 U.S. Dist. LEXIS 7062 (D. Utah 2001) ....................................................................4

Warmington v. Keeth,
  2008 U.S. Dist. LEXIS 66437 (D. Utah 2008) ..................................................................6

**STATUTES**

Cal. Civ. Proc. Code §§ 415.10, 415.20, 416.90 (Deering 2011) ...................................................5

**RULES**

Fed. R. Civ. P. 4 ...............................................................................................................1, 4, 5, 6

Fed. R. Civ. P. 12 .....................................................................................................................1, 2, 4

Utah R. Civ. P. 4 ..............................................................................................................................5

Defendant Peter Jarowey ("Jarowey"), through his attorneys, respectfully submits this memorandum of law in support of his motion to quash the service of the Summons and Amended Complaint in this action (Docket Numbers 10, 11, and 12), and states as follows:

### Summary of the Argument

There are two Peter M. Jaroweys in this world. Peter M. Jarowey II is the father of Peter M. Jarowey III. Peter M. Jarowey II is a resident of Massachusetts and he is the purported defendant in this action. Peter M. Jarowey III is a resident of California and he is not a party to this action.

On April 21, 2011, Plaintiff Incentive Capital, LLC ("Incentive") served the wrong Peter M. Jarowey. Incentive's counsel was informed of this fact three days later. The defendant, Peter M. Jarowey II, however, has never been served with a copy of the Summons and Amended Complaint in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. Therefore, pursuant to Rule 12(b)(5), service of process on "Peter Jarowey" should be quashed and Incentive should be ordered to obtain an Amended Summons from the Deputy Clerk of the Court and serve Peter M. Jarowey II with a copy of the Amended Summons and the Amended Complaint in conformity with Rule 4.

### FACTS

### Incentive Served The Wrong "Peter M. Jarowey"

Incentive is represented by Pia Anderson Dorius Reynard & Moss LLC ("PARDM"). The lead attorney from PARDM on this case is Joseph Pia.

On March 25, 2011, PARDM, on behalf of Incentive, filed a complaint (the "Original Complaint") against Robert B. Atwell ("Atwell"), Camelot Distribution Group ("CDG"), Camelot Film Group ("CFG") (CDG and CFG are referred to collectively as "Camelot"), Steven

Istock and Jamie Thompson (collectively, the "Original Defendants") (Docket No. 1).  The Original Complaint alleges breach of contract and related torts in connection with the financing of the purchase of a film library.  The contracts and other documents allegedly breached are only between Incentive, on the one hand, and CDG, CGF and/or Atwell, on the other hand.  There are no allegations of fraudulent inducement in the Original Complaint.

Between March 25 and April 14, no summonses or copies of the Original Complaint were issued and served on the Original Defendants.  See Docket Sheet.  On April 14, PARDM filed an Amended Complaint adding "Peter Jarowey" and Ted Baer ("Baer") as defendants, and adding claims for fraudulent inducement and related torts in connection with the contracts.  (Docket No. 2).  Both Jarowey and Baer were independent consultants who provided services to Camelot.[1]

Jarowey is a resident of Massachusetts.  Declaration of David J. Shapiro, dated May 23, 2011 ("Shapiro Decl."), ¶ 1.  Jarowey's full name is "Peter M. Jarowey II."  Id.  Peter M. Jarowey II has a 24-year old son whose full name is "Peter M. Jarowey III."  Id., ¶ 2.  Peter M. Jarowey III is a resident of California who resides at 360 North Curson Avenue, Apartment No. 1, Los Angeles, California 90036, and he is a former employee of Camelot.  Id.

On April 15, Joseph Pia instructed D. Mark Jones, the Deputy Clerk for the United States District Court for the District of Utah, to issue a Summons to "Peter M. Jarowey" at 360 North Curson Avenue, Apartment No. 1, Los Angeles, California 90036 (the "Summons").  Id., Ex. A.  The Summons erroneously lists the "Peter Jarowey" who resides in California as the "Defendant" in this action.  Id.

---

[1]  Baer's motion to dismiss for lack of jurisdiction is currently pending.  The facts that support that motion – i.e., Baer's lack of any meaningful contacts with the State of Utah – apply with even greater force to Jarowey.  Jarowey is not an attorney, he has never had any clients in Utah, he has never conducted any business in Utah, and he had no communications with Incentive, Baer or others from Camelot in Utah.

-2-

-3-

On April 18, Alan Markawa of the Los Angeles Attorneys Service, 1610 Beverly Blvd., Suite 3, Lost Angeles, California 90026, left a copy of the Summons and Amended Complaint with Neil Spiro, Peter M. Jarowey III's roommate. Id., Exs. B and C. Mr. Spiro is not authorized to accept service on behalf of Peter M. Jarowey II. Id., ¶ 4.

The next day, Peter M. Jarowey III wrote to Deputy Clerk Jones and explained as follows:

> 4/19/2011
>
> Dear Deputy Mark Jones:
>
> My roommate received this summons last night, Monday, April 18, 2011, with no server information attached. Therefore, I am sending this package back to you as I am not the person this Court intends to serve. Please ask Joseph F. Pia to do a little more work in researching where defendants live rather than flipping through public directories in California.
>
> Sincerely,
>
> Peter M. Jarowey Jr. III
>
> P.S. – If you have any questions, please feel free to call me at (617) 398-4637.

Id., Ex. C. In order to highlight the error, Peter M. Jarowey III circled the "Jr. III" in his name and wrote, next to an arrow pointing to the circle, "This part is very important." Id.

The note was sent to the Court via USPS and was filed on April 21 (Docket No. 11), thus making it available for counsel to review. PDRM has access to all documents filed with the Court, but, since April 21, it has never sought to serve a copy of the Summons and Amended Complaint on the correct Peter M. Jarowey. Id., ¶ 6.

## ARGUMENT

### Because Defendant Peter M. Jarowey II Was Not Served With The Summons And Amended Complaint In Compliance With Rule 4, Service Should Be Quashed Pursuant To Rule 12(b)(5).

In Federal court, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure ("Rule 4").  Pursuant to Rule 4, service upon an individual may only be effected by: (i) following state law for serving a summons in the state where the district court is located or where service is made; (ii) delivering a copy of the summons and complaint to the individual personally; (iii) leaving copies at the individual's dwelling house or usual place of abode with some person of suitable age and discretion who resides there; or (iv) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. (4)(e).

"Effectuation of service is a precondition to suit[.]"  Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998).  A challenge to improper service under Rule 4 is brought via Rule 12(b)(5) which states that "insufficient service of process" is a defense which may be asserted via motion.  Service of process of an individual that does not comport with the requirements of Rule 4 is "insufficient service of process" under Rule 12(b)(5).  Sherod v. Commissioner of Internal Revenue, 2001 U.S. Dist. LEXIS 7062, at *4 (D. Utah 2001).

"'When service of process is challenged by a defendant, the burden rests with the plaintiff to establish that service was properly made.'"  Beal v. Utah State Tax Comm'n ex rel. Lewis, 2005 U.S. Dist. LEXIS 39406 at *2 (D. Utah 2005) (quoting Neely v. Eshelman, 507 F. Supp. 78, 80 (E.D. Penn. 1981)).  See also Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (stating that the plaintiff has the burden of establishing service of process); Lasky v. Lansford, 76 Fed. Appx. 240, 2003 WL 22147619 (10th Cir. 2003) (affirming

district court's decision to dismiss because the plaintiff failed to meet his burden of showing that service was sufficient).

Here, it cannot be disputed that there has been "insufficient service of process." None of the methods of service on an individual as set forth in Rule 4 were successfully completed in this case. The law of the state of Utah, where the District Court is located, and the law of the State of California, were service was attempted, mirror the requirements of Rule 4 (Rule 4(e)(1)). See Utah R. Civ. P. 4; Cal. Civ. Proc. Code §§ 415.10, 415.20, 416.90 (Deering 2011). Here, the Summons and Amended Complaint were not delivered to the defendant Peter M. Jarowey II; they were not left at Peter M. Jarowey II's dwelling house, usual place of abode, or with a person of suitable age and discretion residing therein; and neither Peter M. Jarowey III nor Neil Spiro are agents authorized by appointment or law to receive service of process on behalf of Peter M. Jarowey II. Shapiro Decl., ¶¶ 2 and 4.

The law in this district is that when there has been insufficient service upon a defendant under Rule 4 (but the defendant has not been prejudiced by the improper service), the appropriate remedy is to quash the service. See, e.g., Cheek v. Garrett, 2011 U.S. Dist. LEXIS 23209 (D. Utah 2011) (where plaintiffs did not deliver a copy of the summons and the complaint to the individual defendants personally and they did not leave them at their usual place of abode, court grants defendants' motion to quash service); Kippen v. Pack, 2010 U.S. Dist. LEXIS 104167 (D. Utah 2010) (where neither the defendant nor the defendant's agent authorized by appointment or by law to receive service of process signed a document indicating receipt of the summons and complaint, defendant's motion to quash service is granted); Mohammed v. Davis County, 2008 U.S. Dist. LEXIS 42328 (D. Utah 2008) (where plaintiff left summons and complaint with a person who was not authorized to accept same on defendant's behalf, defendant's motion to

quash service is granted); <u>Warmington v. Keeth</u>, 2008 U.S. Dist. LEXIS 66437 (D. Utah 2008) (where plaintiff served process at defendant's wife's place of business, court quashes service); <u>Allison v. Utah County Corp.</u>, 335 F. Supp. 2d 1310 (D. Utah 2004) (where receptionist was not authorized to accept service on defendant's behalf, court quashes service).

As in the cases cited above, Incentive failed to serve Defendant Peter M. Jarowey II pursuant to the dictates of Rule 4 even after being informed that the wrong Peter M. Jarowey had received copies of the Summons and Amended Complaint. The service of process, therefore, should be quashed.

## CONCLUSION

For the foregoing reasons, Jarowey's motion to quash service should be granted.

Dated: May 23, 2011

                                                    Respectfully submitted,

                                                    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
                                                  Marc E. Kasowitz
                                                  David J. Shapiro

                                                     and

                                                  MOYLE & DRAPER, P.C.

                                                  By: <u>/s/ Wayne G. Petty</u>
                                                       Wayne G. Petty

                                                  Attorneys for Defendant Peter Jarowey

-7-

**Certificate of Service**

I hereby certify that on this 23rd day of May, 2011, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY DEFENDANT PETER JAROWEY FOR AN ORDER QUASHING SERVICE PURSUANT TO RULE 12(b)(5)** as indicated upon the following:

| | |
|---|---|
| Jonathan M. Levitan, Esq.<br>LAW OFFICES OF JONATHAN MARK LEVITAN<br>12400 Wilshire Blvd., Suite 1300<br>Los Angeles, CA  90025 | ☐ Sent via U.S. Mail<br>☒ Sent via EMail<br>☐ Sent via CMECF Filing |
| Joseph G. Pia, Esq.<br>PIA ANDERSON DORIUS REYNARD & MOSS LLC<br>222 South Main Street, Suite 1800<br>Salt Lake City, UT 84101 | ☐ Sent via U.S. Mail<br>☐ Sent via EMail<br>☒ Sent via CMECF Filing |
| Michael O'Brien<br>VANCOTT BAGLEY<br>36 S. State St., Suite 1900<br>Salt Lake City, UT  84111 | ☐ Sent via U.S. Mail<br>☐ Sent via EMail<br>☒ Sent via CMECF Filing |
| Dennis R James, Esq.<br>MORGAN MINNOCK RICE & JAMES<br>136 S MAIN STE 800<br>Salt Lake City, UT 84101 | ☐ Sent via U.S. Mail<br>☐ Sent via EMail<br>☒ Sent via CMECF Filing |

/s/ Wayne G. Petty

Wayne G. Petty
Attorney for Defendant Peter Jarowey