Joseph G. Pia (9945)
Nathan S. Dorius (8977)
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1800
Salt Lake City, Utah 84101
Telephone:  (801) 350-9000
Facsimile: (801) 950-9010
E-mail:  joe.pia@padrm.com
         nathan@padrm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INCENTIVE CAPITAL, LLC, a Utah Limited Liability Company,<br><br>      Plaintiff,<br><br>v.<br><br>CAMELOT ENTERTAINMENT GROUP, INC., a Delaware Corporation; CAMELOT FILM GROUP, INC., a Nevada Corporation; CAMELOT DISTRIBUTION GROUP, INC., a Nevada Corporation, ROBERT P. ATWELL, an individual; JAMIE R. THOMPSON, an individual; STEVEN ISTOCK, an individual; TED BAER, an individual; PETER JAROWEY, an individual,<br><br>      Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**<br><br>Civil No. 2:11-cv-00288<br><br>Judge Clark Waddoups<br><br>**(Oral Argument Requested)** |

Plaintiff Incentive Capital, LLC ("Plaintiff" or "Incentive"), by and through its counsel, does hereby submit the following Memorandum in Opposition to Defendants' Motion to Extend Time to Answer or Otherwise Respond to the Complaint ("Motion to Extend").

**INTRODUCTION**

Plaintiff objects to Defendants' most recent Motion to Extend Time to Answer or Otherwise Respond to the Complaint ("Second Motion to Extend") [Dkt. Entry No. 59] for the following reasons.  Because Defendants are out-of-state, they initially received 30 days (as opposed to the regular 20 days) from the date they were served Plaintiff's Complaint to file an answer.  This Court previously ordered Defendants to answer the Complaint by May 23, 2011 [Dkt. Entry Nos. 12 – 18], which provided Defendants 30 days from the date of service of the Complaint to respond.  However, Defendants moved this Court for an extension of time to answer the Complaint ("First Motion to Extend") on May 17, 2011 [Dkt. Entry No. 45].  Just three days later, and without affording Plaintiff any time to respond, the Court granted Defendants an additional 35 days to answer the Complaint [Dkt. Entry No. 46].  Now, with the June 27, 2011 deadline for Defendants' response, Defendants seek for another 22 days (until July 22, 2011) to file their response to the Complaint [Dkt. Entry No. 59].  If Defendants' Second Motion to Extend is granted, Defendants will have had a total of 90 days to answer Plaintiff's Complaint.  This is not reasonable.

Defendants' Second Motion to Extend should be denied because (1) Defendants fail to provide any good cause for such a significant delay; (2) Defendants' requested delay will cause Plaintiff continued harm and irreparable damages; and (3) any further delay in answering Plaintiff's Complaint is a waste of judicial economy and resources.

**STATEMENT OF FACTS**

1.   On or about March 25, 2011, Plaintiff filed its Complaint ("Initial Complaint") against Defendants.  Dkt. Entry No. 1.

2. On or about April 14, 2011, Plaintiff filed an Amended Complaint ("Complaint"). Dkt. Entry No. 2.

3. Defendants were required to answer the Complaint within 30 days of service of the Complaint, or by May 23, 2011. Dkt. Entry Nos. 12 – 18.

4. On or about April 27, 2011, due to the extreme prejudice and irreparable harm caused by Defendants, Plaintiff filed a Motion for Temporary Restraining Order ("First Motion for TRO"). Dkt. Entry No. 19.

5. On or about May 2, 2011, Plaintiff's First Motion for TRO was denied. Dkt. Entry No. 26.

6. On or about May 5, 2011, due to the continued irreparable harm caused by Defendants, Plaintiff filed a second Motion for Temporary Restraining Order ("Second Motion for TRO"). Dkt. Entry No. 28.

7. On or about May 12, 2011, Plaintiff's Second Motion for TRO was denied. Dkt. Entry No. 41.

8. On or about May 17, 2011, Defendants filed a Motion for Extension of Time to Answer Plaintiff's Complaint ("First Motion to Extend"). Dkt. Entry No. 45.

9. On or about May 20, 2011, Defendants' First Motion to Extend was granted without opportunity for objection by Plaintiff. Dkt. Entry No. 46. Defendants were ordered to answer the Complaint by June 27, 2011, or 35 days from the first deadline for their response to Plaintiff's Complaint. *Id.*

10. On or about June 23, 2011, Defendants filed a second Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint ("Second Motion to Extend").

iv

Dkt. Entry No. 59.  Defendants request an extension until July 22, 2011, or 25 days from the second deadline for their response to Plaintiff's Complaint.  *Id.*

## ARGUMENT

**DEFENDANTS' SECOND MOTION TO EXTEND SHOULD BE DENIED FOR (1) LACK OF GOOD CAUSE; (2) CONTINUED HARM TO PLAINTIFF; AND (3) WASTE OF JUDICIAL RESOURCES.**

Rule 6(b) of the Federal Rules of Civil Procedure provides that a court may extend the time frame within which an act must be performed for "good cause." Fed. R. Civ. P. 6(b). Additionally, a court "is expected to use its discretion to extend time periods in a manner that will 'secure the just, speedy, and inexpensive determination of every action and proceeding.'" Moore's Federal Practice § 6.06[1][a] (2005) (citing Fed. R. Civ. P. 1); *see also Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("In exercising discretion regarding enlargements of time, courts should be mindful that the rules are 'intended to force parties and their attorneys to be diligent in prosecuting their causes of action.' *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988).")

In the present matter, Defendants fail to provide adequate reason or good cause for this Court to grant their Second Motion to Extend, which will result in a 90-day period in which to answer the Complaint. Specifically, Defendants fail to explain how the Motion to Dismiss/Transfer in the California Action, as referenced in Defendants' Second Motion to Extend, has any bearing on Defendants' obligation and ability to respond to Plaintiff's Complaint in the instant action. Defendants have not provided any legal authority mandating their proposed delay. The existence of another case in another jurisdiction that may be similarly situated provides no reason for this Court to delay, postpone or otherwise halt the present proceedings. Furthermore, there is a Motion to Dismiss or Transfer the case to Utah because of mandatory forum selection clauses in the Key Agreements.

1

Additionally, Defendants' proposed course of action relative to the disposition in the California Action is akin to Defendants divining the ruling in the California proceeding. Neither party can control the outcome of the pending litigation in California. This Court should not grant a motion based on guesswork.

Defendants do not indicate any inability to answer the Complaint. The fact that Defendants' would-be defenses and/or claims in the present matter are similar to their defenses in the California Action demonstrates Defendants' sufficient knowledge of the facts alleged in Plaintiff's Complaint so as to, at the very least, file an Answer by the June 27, 2011 deadline.

If Defendants are permitted to delay their response to Plaintiff's Complaint, Plaintiff will continue to suffer significant prejudice and irreparable damage. At this very moment, Defendants' and their representatives are actively engaged in the sale and distribution of the assets which are the subject of the present matter. Plaintiff has moved this Court for a temporary restraining order on two separate occasions [Dkt. Entry Nos. 19 and 28]. While the circumstances surrounding Plaintiff's motions for temporary restraining order may not have satisfied this Court's standard for such extraordinary relief, there is no question that the irreparable harm and prejudice to Plaintiff since the filing of its Complaint warrants, at the very least, a denial of Defendants' Second Motion to Extend the time in which to Answer.

By the time the second deadline for Defendant's answer to Plaintiff's Complaint has arrived, Defendants will have had 65 days to provide their response. Given the aforementioned facts, Defendants request for an additional 25 days to provide their response cuts against the very meaning of serving the interests of judicial economy: "a just, speedy, and inexpensive determination" of the present matter.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Second Motion to Extend Time to Answer or Otherwise Respond to the Complaint.

DATED this 24th day of June, 2011.

                                          PIA ANDERSON DORIUS REYNARD & MOSS

                                          /Joseph Pia/
                                          Joseph Pia
                                          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2011, a true and correct copy of forgoing **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT** was served by electronic mail on the following:

> Milo Steven Marsden
> Todd D. Weiler
> DORSEY & WHITNEY LLP
> 136 South Main Street, Suite 1000
> Salt Lake City, Utah 84101-1685
> Telephone: (801) 933-7360
> Facsimile: (801) 933-7373
> marsden.steve@dorsey.com
> weiler.todd@dorsey.com

By: /s/ Joseph Pia