Dennis R. James, No. 1642
Brian H. Hess, No. 10313
MORGAN, MINNOCK, RICE & JAMES, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah   84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
djames@mmrj.com
*Attorneys for Defendant Ted Baer*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INCENTIVE CAPITAL, LLC, a Utah Limited Liability Company, | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT TED BAER'S MOTION TO DISMISS** |
| Plaintiff, | |
| vs. | |
| CAMELOT ENTERTAINMENT GROUP, INC., a Delaware Corporation; CAMELOT FILM GROUP, INC., a Nevada Corporation; CAMELOT DISTRIBUTION GROUP, INC., a Nevada Corporation; ROBERT P. ATWELL, an individual; JAMIE R. THOMPSON, an individual; STEVEN ISTOCK, an individual; TED BAER, an individual; PETER JAROWEY, an individual, | Civil No.   2:11-CV-00288  Honorable Clark Waddoups |
| Defendants. | |

Defendant Ted Baer, appearing specially by and through his attorneys of record, hereby files his Memorandum in Opposition to Plaintiff's Motion for Extension of Time to Respond to Defendant Ted Baer's Motion to Dismiss.

## STATEMENT OF FACTS

1. On or about March 25, 2011, Plaintiff Incentive Capital filed its Complaint bringing claims against three corporate entities and three individuals. (Docket Entry No. 1).

2. On or about April 14, 2011, Plaintiff Incentive Capital filed its Amended Complaint adding as Defendants Ted Baer and Peter Jarowey as individuals.  (Docket Entry No. 2).

3. On May 16, 2011, Defendant Ted Baer filed a Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction and a memorandum in support of the Motion.  (Docket Entry Nos. 42-43).

4. On Tuesday, June 14, 2011, Plaintiff Incentive Capital filed a Motion for Extension of Time to Respond to Defendant Ted Baer's Motion to Dismiss requesting an extension until June 24, 2011, even though by Defendant Ted Baer's calculations the deadline for filing Incentive Capital's opposition to Defendant Ted Baer's Motion to Dismiss actually occurred on Monday, June 13, 2011. (Docket Entry No. 54).

5. Two days later, on June 16, 2011, the Court entered an Order granting Plaintiff Incentive Capital's extension until June 24, 2011, without opportunity for Defendant Ted Baer to oppose or respond to Plaintiff's Motion. (Docket Entry No. 57).

6. On June 24, 2011, Plaintiff Incentive Capital filed its second Motion for Extension of Time to Respond to Defendant Ted Baer's Motion to Dismiss and to Defendant Peter Jarowey's Motion to Quash, requesting an extension until five days after Defendants Robert Atwell, Camelot Distribution Group, Camelot Entertainment Group, Camelot Film Group, Steven Istock, and Jamie

Thompson (referred to by Plaintiff as the "Atwell Defendants") file their answer to Plaintiff's Amended Complaint.  (Docket Entry No. 62).

7.     On June 27, 2011, at a hearing on the Atwell Defendants' Motion for an Extension of Time to Answer or Otherwise Respond to Complaint, Magistrate Judge Samuel Alba granted the Atwell Defendants an extension until July 27, 2011, to answer the Amended Complaint. (Docket Entry No. 63).

8.     Based on the extension granted to the Atwell Defendants, if Plaintiff Incentive Capital's extension is granted, it would not be required to respond to Defendant Ted Baer's Motion to Dismiss until August 1, 2011, at the earliest, barring any further extensions to the Atwell Defendants to answer the Amended Complaint.

## ARGUMENT

Defendant Ted Baer has appeared specially, by and through Dennis R. James and Brian H. Hess of Morgan, Minnock, Rice & James, L.C., to motion the Court to dismiss Plaintiff Incentive Capital's Amended Complaint and its allegations against him personally, as an individual, for lack of personal jurisdiction.  Plaintiff Incentive Capital is seeking to put Defendant Ted Baer's Motion to Dismiss on hold while it waits for the Atwell Defendants to file their answer to Plaintiff Incentive Capital's Amended Complaint, claiming that piece-meal litigation or the need to re-litigate issues will result if the Court decides the Motion to Dismiss before the Atwell Defendants have answered the Complaint.  However, Defendant Ted Baer's Motion to Dismiss only raises the issue of whether the Court has personal jurisdiction over him, as an individual, and it does not involve any other issues on which either the answer from the Atwell Defendants or the

appearance by the Atwell Defendants will have any bearing.  Consequently, there is no reason or justification for allowing the additional extension Plaintiff Incentive Capital is now seeking.  Fed. R. Civ. P. 6(b).

Defendant Ted Baer's motion to dismiss only raises the issue of whether Plaintiff Incentive Capital can shoulder its burden of establishing personal jurisdiction over Defendant Ted Baer individually, which is an inquiry that the Court must assess for each individual Defendant independent of any other party in the case.  Calder v. Jones, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").  Thus, the Atwell Defendants' answer to Plaintiff Incentive Capital's Amended Complaint, and whether the Court has jurisdiction over any of those Defendants, does not change the fact that the Court must make an independent assessment of whether personal jurisdiction exists over Defendant Ted Baer based on the allegations in the Amended Complaint.  There are no interrelated issues involving any of the Atwell Defendants that have to be decided to simply consider Defendant Ted Baer's own individual relationship to the forum and the litigation and whether jurisdiction exists as required by due process.  Defendant Ted Baer's Motion to Dismiss can be, and should be, decided now rather than be delayed by Plaintiff Incentive Capital as it waits for other Defendants seeking more time to answer the Amended Complaint.

Defendant Ted Baer did not have opportunity to oppose Plaintiff Incentive Capital's initial June 14, 2011 request for an extension, which request was untimely because Plaintiff Incentive Capital was required to file a response or seek an extension by June 13, 2011.  Nevertheless, Defendant Ted Baer determined not to oppose the initial extension because he believed that an

extension of ten days was reasonable and that Plaintiff Incentive Capital should have been allowed this initial short period of additional time, as it requested, to respond to the issues raised in Defendant Ted Baer's Motion to Dismiss.   Now, however, Plaintiff Incentive Capital is seeking an entirely different extension to stall and defer a decision on Defendant Ted Baer's Motion to Dismiss for possibly an indeterminate amount of time because the extension will be dependent on when the Atwell Defendants actually answer the Amended Complaint.   This request for delay is unreasonable, and the request fails to show good cause for granting the extension.   The requested delay only keeps Defendant Ted Baer personally involved in litigation that is improper for lack of jurisdiction.   Additional delay inevitably means additional expense and prolonging a proper and justified dismissal.

  Defendant Ted Baer accordingly requests that Plaintiff Incentive Capital's Motion for an Extension be denied and that Defendant Ted Baer's Motion to Dismiss be granted without further delay.

  DATED this 1st day of July, 2011.

               MORGAN, MINNOCK, RICE & JAMES, L.C.


                 /s/ Dennis R. James
               Dennis R. James
               Brian H. Hess
               *Counsel for Defendant Ted Baer*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2011, I electronically filed a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT TED BAER'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Joseph G. Pia
Nathan S. Dorius
PIA ANDERSON DORIUS REYNARD & MOSS, PLLC
joe.pia@padrm.com
nathan@padrm.com
*Attorneys for Plaintiff*

John A. Snow
Karen E. O'Brien
VAN COTT BAGLEY CORNWALL & McCARTHY
jsnow@vancott.com
kobrien@vancott.com
*Attorneys for Defendants Camelot, Atwell, Thompson and Istock*

Jonathan M. Levitan
jonathanlevitan@aol.com
*Attorneys for Defendants Camelot, Atwell, Thompson and Istock*

Wayne G. Petty
MOYLE & DRAPER, P.C.
wayne@moylelawfirm.com
*Attorneys for Defendant Peter Jarowey*

Marc E. Kasowitz
David J. Shapiro
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
mkasowitz@kasowitz.com
dshapiro@kasowitz.com
*Attorneys for Defendant Peter Jarowey*

　　　　　　　　　　　　　　/s/   Lynette Ambrose