Dennis R. James, No. 1642
Brian H. Hess, No. 10313
MORGAN, MINNOCK, RICE & JAMES, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah   84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
djames@mmrj.com
*Attorneys for Defendant Ted Baer*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| INCENTIVE CAPITAL, LLC, a Utah Limited Liability Company, | : : : : : : | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT FILING OF OPPOSITION TO MOTION TO DISMISS TODAY** |
| Plaintiff, | | |
| vs. | : : | |
| CAMELOT ENTERTAINMENT GROUP, INC., a Delaware Corporation; CAMELOT FILM GROUP, INC., a Nevada Corporation; CAMELOT DISTRIBUTION GROUP, INC., a Nevada Corporation; ROBERT P. ATWELL, an individual; JAMIE R. THOMPSON, an individual; STEVEN ISTOCK, an individual; TED BAER, an individual; PETER JAROWEY, an individual, | : : : : : : : : : : : | Civil No.   2:11-CV-00288  Honorable Clark Waddoups |
| Defendants. | : | |

Defendant Ted Baer, appearing specially, submits the following memorandum in opposition to Plaintiff's Motion to Permit Filing of Opposition to Motion to Dismiss Today.

**ARGUMENT**

Plaintiff Incentive missed the deadline that Plaintiff Incentive had petitioned the Court to set for its opposition to Defendant Ted Baer's Motion to Dismiss. [Docket Entry No. 65] Under the Court's July 1, 2011 Order, Plaintiff Incentive was required to timely file its opposition five days after July 27, 2011 deadline for the Atwell Defendants to file their answer to Plaintiff Incentive's complaint. The Atwell Defendants filed their answer and triggered the 5-day deadline for Plaintiff's opposition to be filed on July 27, 2011. Properly calculated, the five-day period expired on August 1, 2011. Even if the weekend is excluded in calculating the 5-day period, the time for Plaintiff Incentive to respond to Defendant Ted Baer's Motion to Dismiss expired at the very latest on August 3, 2011. On August 5, 2011, after the deadline had passed by either count, Plaintiff Incentive motioned the Court to allow it to file its opposition after the deadline.

Plaintiff Incentive argues that excusable neglect should allow Incentive to file an opposition memorandum well after the deadline has passed. Incentive suggests that it missed the deadline for filing its opposition because it was waiting for the Court to rule on Defendant Ted Baer's Motion to Reconsider the Court's July 1, 2011 Order [Docket Entry No. 68], and because its counsel was out-of-town and did not see the Court's August 4, 2011 ruling on the Motion to Reconsider.[1] [Docket Entry No. 80] However, waiting for the Court's ruling on the Motion to Reconsider is not excusable neglect, especially when a ruling on the Motion to Reconsider would only result in either a reaffirmation of the Court's original five-day deadline or the setting of a

---

1 Defendant Ted Baer notes that Plaintiff Incentive's assertion that its counsel was out-of-state on vacation and did not receive notice of the Court's rulings is not supported by affidavit or otherwise. Defendant Ted Baer also notes that this assertion does not account for the fact that Plaintiff has more than one attorney representing it, according to the captions of its pleadings, and it does not explain why notice of Defendant Ted Baer's filings and the Court's ruling were not received.

different, earlier deadline—which is what Defendant Ted Baer was seeking to prevent further delay in getting a ruling on his Motion to Dismiss; his Motion to Reconsider was not requesting that Plaintiff Incentive's deadline be extended any further.

More importantly, the Motion to Reconsider was effectively rendered moot when the Court did not rule on the Motion to Reconsider until after the deadlines set in the Court's original July 1, 2011 Order had already expired. In fact, in the opposition memorandum Plaintiff Incentive filed on July 19, 2011 to Defendant Ted Baer's Motion to Reconsider, Plaintiff Incentive argued that reconsideration of the Court's July 1, 2011 Order was unnecessary because the July 27, 2011 deadline for the Atwell Defendants to answer Plaintiff Incentive's complaint was already approaching and that Plaintiff's response to Defendant Ted Baer's Motion to Dismiss would be due just five days after the July 27, 2011 deadline. [Docket Entry 71]. Plaintiff Incentive argued that because Defendant Ted Baer's Motion to Reconsider was essentially already moot, it would have been a waste of the Court's time to reconsider the deadlines. Consequently, it was not reasonable for Plaintiff Incentive ignore the Court's deadline for filing its opposition memorandum in order to wait for the Court to rule on a motion that Plaintiff Incentive already believed was unnecessary and unlikely to be granted.

Plaintiff Incentive's mistake in failing to file its opposition to the Motion to Dismiss in accordance with the Court's deadline does not under case law amount to the type of excusable neglect that warrants granting Plaintiff's Incentive's motion to permit the filing of the memorandum now that the deadline has past. *See, e.g., Sizemore v. State of New Mex. Dept. of Labor,* 182 Fed. Appx. 848, 852-53 (10th Cir.2006) (no excusable neglect where counsel ignored

deadline, erroneously relied on Rule 6 to calculate deadline, failed to meet deadline and failed to seek extension immediately upon receiving defendant's motion); *Quigley v.. Rosenthal,* 427 F.3d 1232, 1238 (no excusable neglect where counsel mistakenly construed rule and failed to timely seek attorneys' fees); *Ghamrawi v. Case & Assocs. Props. Inc.,* 116 Fed. Appx. 206, 210 (10th Cir.2004) (no excusable neglect where counsel knew about but disregarded deadline because of workload); *Lewis v. Herrman's Excavating,* 200 F.R.D. 657, 660 (D. Kansas 2001) (no excusable neglect where counsel missed deadline because of tactical decision).

    Plaintiff Incentive otherwise fails to establish a basis for allowing it to file an opposition memorandum now that the deadline has expired. Defendant Ted Baer accordingly requests that Plaintiff's Motion to Permit Filing of Opposition to Motion to Dismiss Today be denied and that his Motion to Dismiss be submitted to the Court for decision.[2]

    DATED this 10th day of August, 2011.

    MORGAN, MINNOCK, RICE & JAMES, L.C.

    /s/ Dennis R. James
Dennis R. James
Brian H. Hess
*Counsel for Defendant Ted Baer*

---

[2] Defendant Ted Baer notes that his Motion to Dismiss has already been delayed and that further delay on a decision on his Motion to Dismiss only keeps him personally involved in litigation that is already improper for lack of jurisdiction, which means additional and unnecessary time and expense being spent while waiting for a ruling on his motion.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2011, I electronically filed a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT FILING OF OPPOSITION TO MOTION TO DISMISS TODAY** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Joseph G. Pia
Nathan S. Dorius
PIA ANDERSON DORIUS REYNARD & MOSS, PLLC
joe.pia@padrm.com
nathan@padrm.com
*Attorneys for Plaintiff*

John A. Snow
Karen E. O'Brien
VAN COTT BAGLEY CORNWALL & McCARTHY
jsnow@vancott.com
kobrien@vancott.com
*Attorneys for Defendants Camelot, Atwell, Thompson and Istock*

Jonathan M. Levitan
jonathanlevitan@aol.com
*Attorneys for Defendants Camelot, Atwell, Thompson and Istock*

Wayne G. Petty
MOYLE & DRAPER, P.C.
wayne@moylelawfirm.com
*Attorneys for Defendant Peter Jarowey*

Marc E. Kasowitz
David J. Shapiro
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
mkasowitz@kasowitz.com
dshapiro@kasowitz.com
*Attorneys for Defendant Peter Jarowey*

　　　　　　　　　　　　　　　　　　/s/   Lynette Ambrose