Marc E. Kasowitz
David J. Shapiro
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

Wayne G. Petty (#2596)
MOYLE & DRAPER, P.C.
175 East 400 South, No. 900
Salt Lake City, Utah 84111
Telephone: (801) 521-0250

Attorneys for Defendant Peter Jarowey

UNITED STATES DISTRICT COURT

DISTICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INCENTIVE CAPITAL, LLC, a Utah Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> CAMELOT ENTERTAINMENT GROUP, INC., a Delaware Corporation; CAMELOT FILM GROUP, INC., a Nevada Corporation; CAMELOT DISTRIBUTION GROUP, INC., a Nevada Corporation; ROBERT P. ATWELL, an individual; JAMIE R. THOMPSON, an individual; STEVEN ISTOCK, an individual; TED BAER, an individual; PETER JAROWEY, an individual, <br><br> Defendants. | Civil No.  2:11-CV-00288 <br><br> Judge Clark Waddoups |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY DEFENDANT PETER JAROWEY FOR AN ORDER
QUASHING SERVICE PURSUANT TO RULE 12(b)(5)**

-i-

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................ ii

Summary of the Argument..................................................................................................... 1

FACTS .................................................................................................................................... 1

    A.    First, Incentive Served The Wrong Peter M. Jarowey........................................... 1

    B.    Then, Incentive Misled The Court About "Personally" Serving The
        Correct Peter M. Jarowey ...................................................................................... 3

ARGUMENT........................................................................................................................... 4

Because Jarowey Was Not Personally Served With The Second Summons And The
Amended Complaint, As Asserted In The Affidavit Of Service, Service Should Be
Quashed Pursuant To Rule 12(b)(5). ..................................................................................... 4

CONCLUSION....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Allison v. Utah County Corp.,
　335 F. Supp. 2d 1310 (D. Utah 2004) ................................................................................6

Beal v. Utah State Tax Comm'n ex rel. Lewis,
　2005 U.S. Dist. LEXIS 39406 (D. Utah 2005) ...................................................................5

Fed. Deposit Ins. Corp. v. Oaklawn Apartments,
　959 F.2d 170 (10th Cir. 1992) ............................................................................................5

Jenkins v. City of Topeka,
　136 F.3d 1274 (10th Cir. 1998) ..........................................................................................5

Kippen v. Pack,
　2010 U.S. Dist. LEXIS 104167 (D. Utah 2010) .................................................................5

Lasky v. Lansford,
　76 Fed. Appx. 240, 2003 WL 22147619 (10th Cir. 2003) ..................................................5

Mohammed v. Davis County,
　2008 U.S. Dist. LEXIS 42328 (D. Utah 2008) ...................................................................6

Sherod v. Commissioner of Internal Revenue,
　2001 U.S. Dist. LEXIS 7062 (D. Utah 2001) .....................................................................5

**RULES**

Fed. R. Civ. P. (4)(e) ..................................................................................................................4, 5

Fed. R. Civ. P. 12(b)(5) .........................................................................................................3, 4, 5

Defendant Peter M. Jarowey II ("Jarowey"), through his attorneys, respectfully submits this memorandum of law in support of his motion to quash the service of the summons and Amended Complaint in this action (Docket Number 78), and states as follows:

### Summary of the Argument

The affidavit of service for Jarowey avers, under penalty of perjury, that Jarowey was personally served with a copy of a summons and the Amended Complaint on July 23, 2011. This is not true. On July 23, Jarowey was at a funeral over 100 miles away from his home. He was not personally served on that date, or on any other date. Because the affidavit of service is not truthful, Incentive has not submitted adequate proof of service. The summons filed as Docket No. 78, therefore, should be quashed.

### FACTS

**A.     First, Incentive Served The Wrong Peter M. Jarowey.**

On March 25, 2011, Incentive filed a complaint (the "Original Complaint") against Robert B. Atwell ("Atwell"), Camelot Distribution Group ("CDG"), Camelot Film Group ("CFG") (CDG and CFG are referred to collectively as "Camelot"), Steven Istock and Jamie Thompson (collectively, the "Original Defendants") (Docket No. 1). The Original Complaint alleged breach of contract and related torts in connection with the financing of the purchase of a film library. The contracts and other documents allegedly breached are only between Incentive, on the one hand, and CDG, CGF and/or Atwell, on the other hand. There are no allegations of fraudulent inducement in the Original Complaint.

Between March 25 and April 14, no summonses or copies of the Original Complaint were issued and served on the Original Defendants. See Docket Sheet. On April 14, Incentive filed an Amended Complaint adding "Peter Jarowey" and Ted Baer ("Baer") as defendants, and adding claims for fraudulent inducement and related torts in connection with the contracts.

(Docket No. 2). Both Jarowey and Baer were independent consultants who provided services to Camelot.[1]

Jarowey is a resident of Massachusetts; he resides at 214 Windsor Road, Waban, Massachusetts 24468. Affidavit of Peter M. Jarowey II, dated August 18, 2011 ("Jarowey Aff'd") ¶ 1. On April 15, Joseph Pia, counsel for Incentive, instructed D. Mark Jones, the Deputy Clerk, to issue a Summons to "Peter M. Jarowey" at 360 North Curson Avenue, Apartment No. 1, Los Angeles, California 90036 (the "First Summons"). The "Peter M. Jarowey" who lives in Los Angeles is Peter M. Jarowey, II's son; namely, "Peter M. Jarowey, III." Declaration of David J. Shapiro, dated May 24, 2011 (Docket No. 49), ¶ 2. The First Summons erroneously listed the "Peter Jarowey" who resides in California as the "Defendant" in this action. Id., Ex. A.

On April 18, Alan Markawa, a process server, left a copy of the First Summons and Amended Complaint with Neil Spiro, Peter M. Jarowey III's roommate. Id., Exs. B and C. The next day, Peter M. Jarowey III wrote to Deputy Clerk Jones, explained that he is "not the person this Court intends to serve," and made the following request:

> Please ask Joseph F. Pia to do a little more work in researching where defendants live rather than flipping through public directories in California.

Id., Ex. C. In order to highlight the error, Peter M. Jarowey III circled the "Jr. III" in his name and wrote, next to an arrow pointing to the circle, "This part is very important." Id.

The note was sent to the Court via USPS and was filed on April 21 (Docket No. 11), thus making it available for counsel to review. Although Counsel for Incentive had access to all

---

[1] Baer's motion to dismiss for lack of jurisdiction is currently pending. The facts that support that motion – i.e., Baer's lack of any meaningful contacts with the State of Utah – apply with even greater force to Jarowey. Jarowey is not an attorney, he has never had any clients in Utah, he has never conducted any business in Utah, and he had no communications with Incentive, Baer or others from Camelot in Utah.

documents filed with the Court, it did not attempt to correct the error following the entry of Docket No. 11. Therefore, on May 23, 2011, Jarowey filed a Motion to Quash Service Pursuant to Fed. R. Civ. P. 12(b)(5) (Docket No. 47), with an accompanying memorandum of law and declaration in support. (Docket Nos. 48 and 49.) The basis of the motion was the uncontested fact that Incentive had served the wrong "Peter M. Jarowey."

Incentive filed a motion requesting more time to file papers in opposition to the motion to strike (Docket No. 56), which was granted (Docket No. 58). Incentive was given until June 24, 2011 to file its opposition. Id. On June 24, Incentive again requested more time to oppose the motion to strike (Docket No. 62). That request was also granted and Incentive was instructed to file its opposition "five days after the Atwell Defendants file a response to Plaintiffs Complaint" (Docket No. 65). The Atwell Defendants filed their answer to Incentive's Amended Complaint on July 27 (Docket No. 73). Incentive's opposition to Jarowey's motion to quash was therefore due on August 1. Id.

On August 5 (four days late), Incentive filed a "Stipulation To Peter Jarowey Jr.'s Motion To Quash Service" (Docket No. 86) (the "Stipulation"). (The use of the name "Peter Jarowey Jr." in the title of the Stipulation was a mistake; the motion was made by the putative defendant, Peter M. Jarowey II and not by his son Peter M. Jarowey III.) In the Stipulation, Incentive acknowledged that it had "accidentally served the son of Peter Jarowey Sr." and it "stipulate[d] to the Motion to Quash Service." Id.[2]

**B.    Then, Incentive Misled The Court About "Personally" Serving The Correct Peter M. Jarowey.**

On July 29, 2011, Incentive filed a "**RESTRICTED DOCUMENT**" with the Court (Docket No. 78). The document is described as "a SUMMONS Returned Executed by Incentive

---

[2] As of this writing, the Court has not entered an order granting the motion to quash service, a draft of which was included in the original motion papers. Docket No. 47.

Capital as to Peter Jarowey served on 7/23/2011, answer due 8/22/2011. (Pia, Joseph) (Entered: 07/29/2011)" (the "Second Summons").  The Second Summons, a copy of which is attached as Exhibit A to the accompanying Declaration of David J. Shapiro, dated August 22, 2011 (the "Shapiro Decl."), has attached to it a "Proof of Service."  Id.  The Proof of Service, however, contains an untrue statement.

In the Proof of Service, Thomas F. Cabral declares, under penalty of perjury, that he "*personally* served the summons on the individual [Peter Jarowey] at 214 Windsor Rd Waban, MA 02468 on [July 23, 2011]."  Shapiro Decl. Ex. A (emphasis added).  This is not true.  As explained in the Jarowey Aff'd, Jarowey was not "personally served" on July 23, 2011 by Mr. Cabral or anyone else.  Jarowey was at a funeral for his aunt, Ms. Evelyn Boron Anton, on July 23.  Jarowey Aff'd, ¶ 4.  He left before dawn for the 110 mile, two-hour drive from Waban to Deerfield, arrived in Deerfield at 7:00 a.m., and he did not return until well after sunset.  Id.  He was accompanied by family members.  Id.  He was seen by over 100 individuals who also attended the funeral, many of whom, if required, can provide affidavits that he was at the funeral the day that Mr. Cabral asserts that he "personally" served him.  Id.  Moreover, no member of Jarowey's household was personally served with a copy of the Second Summons and Amended Complaint.  Id., ¶ 5.

## ARGUMENT

### Because Jarowey Was Not Personally Served With The Second Summons And The Amended Complaint, As Asserted In The Affidavit Of Service, Service Should Be Quashed Pursuant To Rule 12(b)(5).

In Federal court, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure ("Rule 4").  Pursuant to Rule 4, service upon an individual may only be effected by: (i) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the service is made; (ii) delivering a copy of the summons and

4

complaint to the individual <u>personally</u>; (iii) leaving copies at the individual's dwelling house or usual place of abode with <u>some person of suitable age and discretion who resides there</u>; or (iv) delivering a copy of the summons and complaint to <u>an agent</u> authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. (4)(e) (emphasis added).

"Effectuation of service is a precondition to suit[.]" <u>Jenkins v. City of Topeka</u>, 136 F.3d 1274, 1275 (10th Cir. 1998).  A challenge to improper service under Rule 4 is brought via Rule 12(b)(5) which states that "insufficient service of process" is a defense which may be asserted via motion.  Service of process of an individual that does not comport with the requirements of Rule 4 is "insufficient service of process" under Rule 12(b)(5).  <u>Sherod v. Commissioner of Internal Revenue</u>, 2001 U.S. Dist. LEXIS 7062, at *4 (D. Utah 2001).

"'When service of process is challenged by a defendant, the burden rests with the plaintiff to establish that service was properly made.'" <u>Beal v. Utah State Tax Comm'n ex rel. Lewis</u>, 2005 U.S. Dist. LEXIS 39406 at *2 (D. Utah 2005) (quoting <u>Neely v. Eshelman</u>, 507 F. Supp. 78, 80 (E.D. Penn. 1981)).  <u>See</u> also <u>Fed. Deposit Ins. Corp. v. Oaklawn Apartments</u>, 959 F.2d 170, 174 (10th Cir. 1992) (plaintiff has the burden of establishing service of process); <u>Lasky v. Lansford</u>, 76 Fed. Appx. 240, 2003 WL 22147619 (10th Cir. 2003) (affirming district court's decision to dismiss because the plaintiff failed to meet his burden of showing that service was sufficient).

Here, Incentive has filed an affidavit of service purporting to establish service on Jarowey by claiming that he was "personally" served on July 23.  This is not true.  Jarowey was not personally served on July 23.  Indeed, he has never been personally served.  Incentive, therefore, has failed to carry its burden of proving that proper service was made under Rule.  The service of the Second Summons, therefore, should be quashed.  <u>See</u> <u>Kippen v. Pack</u>, 2010 U.S. Dist.

5

LEXIS 104167 (D. Utah 2010) (where neither the defendant nor the defendant's agent authorized by appointment or by law to receive service of process signed a document indicating receipt of the summons and complaint, defendant's motion to quash service is granted); Mohammed v. Davis County, 2008 U.S. Dist. LEXIS 42328 (D. Utah 2008) (where plaintiff left summons and complaint with a person who was not authorized to accept same on defendant's behalf, defendant's motion to quash service is granted); Allison v. Utah County Corp., 335 F. Supp. 2d 1310 (D. Utah 2004) (where receptionist was not authorized to accept service on defendant's behalf, court quashes service).

## CONCLUSION

For the foregoing reasons, Jarowey's motion to quash service should be granted.

Dated: August 22, 2011

> Respectfully submitted,
>
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> Marc E. Kasowitz
> David J. Shapiro
>
>    and
>
> MOYLE & DRAPER, P.C.
>
>
> By: /s/ David J. Shapiro
>       David J. Shapiro
>
> Attorneys for Defendant Peter Jarowey

## Certificate of Service

I hereby certify that on this 22nd day of August, 2011, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY DEFENDANT PETER JAROWEY FOR AN ORDER QUASHING SERVICE PURSUANT TO RULE 12(b)(5)** as indicated upon the following:

| | |
|---|---|
| Jonathan M. Levitan, Esq.<br>LAW OFFICES OF JONATHAN MARK LEVITAN<br>12400 Wilshire Blvd., Suite 1300<br>Los Angeles, CA  90025 | ☐ Sent via U.S. Mail<br>☒ Sent via EMail<br>☐ Sent via CMECF Filing |
| Joseph G. Pia, Esq.<br>PIA ANDERSON DORIUS REYNARD & MOSS LLC<br>222 South Main Street, Suite 1800<br>Salt Lake City, UT 84101 | ☐ Sent via U.S. Mail<br>☐ Sent via EMail<br>☒ Sent via CMECF Filing |
| Michael O'Brien<br>VANCOTT BAGLEY<br>36 S. State St., Suite 1900<br>Salt Lake City, UT  84111 | ☐ Sent via U.S. Mail<br>☐ Sent via EMail<br>☒ Sent via CMECF Filing |
| Dennis R James, Esq.<br>MORGAN MINNOCK RICE & JAMES<br>136 S MAIN STE 800<br>Salt Lake City, UT 84101 | ☐ Sent via U.S. Mail<br>☐ Sent via EMail<br>☒ Sent via CMECF Filing |

/s/ David J. Shapiro

David J. Shapiro
Attorney for Defendant Peter Jarowey